**UNITED STATES of America,
Appellant,**

v.

**Brian D. McCOY, Defendant–Appellee.**

No. 09–4747–cr.

United States Court of Appeals,
Second Circuit.

Nov. 2, 2010.

Stephan J. Baczynski, Assistant United States Attorney, for Kathleen M. Mehltretter, United States Attorney for the Western District of New York, Buffalo, NY, for Appellant.

Herbert L. Greenman, Lipsitz Green Scime Cambria, LLP, Buffalo, NY, for Appellee.

PRESENT: ROBERT D. SACK, B.D. PARKER and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

The Government files an interlocutory appeal from an order granting appellee Brian McCoy's motion to suppress a firearm and ammunition found in his home during a search by officers of the Buffalo Police Department. *See* 18 U.S.C. § 3731. The district court, adopting the report and recommendation of the magistrate judge, concluded that suppression was required because the questioning that led to the discovery of the gun and ammunition occurred in the absence of *Miranda* warnings. As additional reasons for affirming the order of suppression, McCoy challenges the district court's finding that exigent circumstances justified the officers' entry into his home, and that he voluntarily consented to the search of the home. *See United States v. Swarovski*, 557 F.2d 40, 49 (2d Cir.1977). We assume the parties' familiarity with the relevant facts, the procedural history, and the issues on appeal.

■ We agree with the district court that exigent circumstances justified the officers' warrantless entry into McCoy's home. First, based on the information he received over the dispatch radio, Officer King had reason to believe that someone might be inside McCoy's home with a firearm that had been used to physically assault another person. Second, despite a statement by McCoy's girlfriend that no one was inside the home, Officer King heard noise coming from inside the house, which created a sufficient exigency to push open the rear door, which was slightly ajar, whereupon Officer King saw McCoy standing in the kitchen. At that point, there was plainly a sufficiently urgent need for Officer King to enter McCoy's home, and to remove and temporarily detain him. *See United States v. MacDonald*, 916 F.2d 766, 769–70 (2d Cir. 1990).

■ Similarly, the district court did not err in finding that McCoy voluntarily consented to the search of his home. McCoy told the officers that the gun was in the house and instructed his girlfriend to show the officers where the gun was located. These statements provided a reasonable basis for the officers to believe that McCoy had given them consent to enter his house to retrieve the gun. *See United States v. Garcia*, 56 F.3d 418, 423 (2d Cir.1995); *see also Florida v. Jimeno*, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) ("The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the sus-

pect?"); *Krause v. Penny*, 837 F.2d 595, 597 (2d Cir.1988) ("Consent can be found from an individual's words, acts or conduct."). McCoy's statements were also voluntary and uncoerced. The magistrate judge correctly noted the relatively short period during which McCoy interacted with police and determined that the questioning from the officers regarding the location of the gun "was not enough to overwhelm him so as to render his subsequent statement coerced." Magistrate's Report & Recommendation, *United States v. McCoy*, No. 07 CR 152 S, 2009 WL 1044831 at 14 (W.D.N.Y. Apr. 29, 2009).

■ The district court further concluded that because McCoy's statements that purportedly gave the officers consent to search were made before he was given *Miranda* warnings, the statements, in addition to the physical evidence discovered as a consequence of the statements, should be suppressed.

This conclusion is foreclosed at least with respect to the physical evidence by the Supreme Court's decision in *United States v. Patane*, 542 U.S. 630, 124 S.Ct. 2620, 159 L.Ed.2d 667 (2004). As a threshold matter, appellee contends that the Government should not be able to rely on *Patane* because the Government did not cite to that case in its briefing before the magistrate judge, and adverted to the case for the first time in its objections to the magistrate's report and recommendation. This argument lacks merit. It is true that this Court ordinarily will not consider an argument raised for the first time on appeal. *Yong Qin Luo v. Mikel*, 625 F.3d 772, 778 (2d Cir.2010); *Katel Ltd. Liab. Co. v. AT & T Corp.*, 607 F.3d 60, 68 (2d Cir.2010). However, "appeals courts may entertain additional support that a party provides for a proposition presented below." *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 221 (2d Cir.2006) (citing

*Yee v. City of Escondido*, 503 U.S. 519, 534, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992)). Here, the Government's citation to *Patane* was not a new argument but rather supplied further support for a contention that the Government consistently pressed: that the firearm and ammunition should not be suppressed despite the officers' failure to give *Miranda* warnings. *See Eastman Kodak*, 452 F.3d at 221.

In *Patane*, the Supreme Court held that failure to give *Miranda* warnings does not require suppression of physical evidence discovered as a consequence of unwarned statements that are voluntary and uncoerced. 542 U.S. at 637–44, 124 S.Ct. 2620. The Court reasoned that "the *Miranda* rule is a prophylactic employed to protect against violations of the Self–Incrimination Clause," which in the Court's view "is not implicated by the admission into evidence of the physical fruit of a voluntary statement." *Id.* at 636, 124 S.Ct. 2620. *See also United States v. Haygood*, 157 Fed.Appx. 448, 449 (2d Cir. 2005) ("[T]he Self–Incrimination Clause of the Fifth Amendment 'cannot be violated by the introduction of nontestimonial evidence obtained as a result of voluntary statements.'" (quoting *Patane*, 542 U.S. at 637, 124 S.Ct. 2620)). Applying *Patane*, we conclude that the firearm and ammunition should not have been suppressed and consequently, the order of suppression is hereby REVERSED in part and the case is REMANDED for further proceedings consistent with this order.